UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ABFP INCOME FUND PARALLEL, LLC,
ABFP INCOME FUND 3, LLC,
ABFP INCOME FUND 3 PARALLEL, LLC,
ABFP INCOME FUND 4, LLC,
ABFP INCOME FUND 4 PARALLEL, LLC,
ABFP INCOME FUND 6, LLC,
ABFP INCOME FUND 6 PARALLEL, LLC,
ABFP MULTI-STRATEGY INVESTMENT FUND, LP, AND
ABFP MULTI-STRATEGY INVESTMENT FUND 2, LP,

    Defendants.

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Securities and Exchange Commission (the "Commission") alleges:

### I. INTRODUCTION

1. The Commission brings this case against ABFP Income Fund 3, LLC, ABFP Income Fund 4, LLC, ABFP Income Fund 6, LLC, ABFP Multi-Strategy Investment Fund, LP, ABFP Multi-Strategy Investment Fund 2, LP (together, "ABFP Funds"), ABFP Income Fund Parallel, LLC, ABFP Income Fund 3 Parallel, LLC, ABFP Income Fund 4 Parallel, LLC, and ABFP Income Fund 6 Parallel, LLC (together, "ABFP Parallel Funds") (collectively "Defendants") which raised more than $99 million from over 570 investors through their participation in an unregistered securities offering.

2. At various points between no later than 2019 and until at least April 2020, Defendants offered or sold promissory notes to investors in connection with a more than $500 million unregistered fraudulent offering by lending company Complete Business Solutions Group, d/b/a Par Funding ("CBSG").

3. The Defendants participated in the CBSG's unregistered securities offering through their respective investment funds created for the purpose of raising money to invest in CBSG's offering in violation of the securities registration provisions of the federal securities laws.

4. Specifically, at various points between no later than 2019 and until at least April 2020 the Defendants offered and sold promissory notes, raising more than $99 million from more than 570 investors, and funneled the monies raised to CBSG by purchasing CBSG notes.

5. On July 31, 2020, the Commission filed an enforcement action against CBSG for violating the registration and anti-fraud provisions of the federal securities laws, resulting in a Temporary Restraining Order and the appointment of a Receiver. *SEC v. Complete Business Solutions Group, et al.,* No. 9:20-cv-81205 (S.D. Fla. 2020) (the "CBSG Action"). The Court subsequently expanded the Receivership to include each of the Defendants.

6. As a result of the conduct alleged in this Complaint, Defendants violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c.) Unless enjoined, Defendants are reasonably likely to continue to violate the federal securities laws. The Commission seeks permanent injunctions against defendants, plus disgorgement with prejudgment interest thereon.

## II. DEFENDANTS AND RELEVANT INDIVIDUALS AND ENTITIES

### A. Defendants

7. ABFP Income Fund Parallel, LLC is a Delaware Limited Liability Company formed in April 2020 and located in King of Prussia, Pennsylvania. Dean Vagnozzi owned and

managed ABFP Income Fund Parallel.  ABFP Income Fund Parallel, LLC was formed for the purpose of entering into exchange notes with ABFP Income Fund, LLC investors.  ABFP Income Fund Parallel, LLC has never been registered with the Commission.  At present, ABFP Income Fund Parallel, LLC is in the Receivership.

8. ABFP Income Fund 3, LLC is a Delaware limited partnership formed in 2019 with its principal place of business in King of Prussia, Pennsylvania.  ABFP Management Company, LLC ("ABFP Management"), an entity in the Receivership, is the General Partner of ABFP Income Fund 3, LLC.  From March 2019 through December 2019, ABFP Income Fund 3, LLC raised $30,095,000 from 173 investors.  ABFP Income Fund 3, LLC has never been registered with the Commission.  On August 13, 2020, the District Court in the CBSG Action placed ABFP Income Fund 3, LLC in the Receivership.

9. ABFP Income Fund 3 Parallel, LLC is a Delaware Limited Liability Company formed in April 2020 and located in Collegeville, Pennsylvania. Dean Vagnozzi owned and managed ABFP Income Fund 3 Parallel, LLC.  ABFP Income Fund 3 Parallel, LLC was formed for the purpose of entering into exchange notes with ABFP Income Fund 3, LLC investors. ABFP Income Fund 3 Parallel, LLC has never been registered with the Commission.  At present, ABFP Income Fund 3 Parallel, LLC is in the Receivership.

10. ABFP Income Fund 4, LLC is a Delaware limited partnership formed in 2019 with its principal place of business in King of Prussia, Pennsylvania.  ABFP Management is the General Partner of ABFP Income Fund 4, LLC.  From August 2019 through November 2019, ABFP Income Fund 4, LLC raised $21,572,236 from 110 investors.  ABFP Income Fund 4, LLC has never been registered with the Commission.  On August 13, 2020, the District Court in the CBSG Action placed ABFP Income Fund 4, LLC in the Receivership.

11. ABFP Income Fund 4 Parallel, LLC is a Delaware Limited Liability Company formed in April 2020 and located in King of Prussia, Pennsylvania. Dean Vagnozzi owned and managed ABFP Income Fund 4 Parallel, LLC. ABFP Income Fund 4 Parallel, LLC was formed for the purpose of entering into exchange notes with ABFP Income Fund 4, LLC investors. ABFP Income Fund 4 Parallel, LLC has never been registered with the Commission. At present, ABFP Income Fund 4 Parallel, LLC is in the Receivership.

12. ABFP Income Fund 6, LLC is a Delaware limited partnership formed in 2019 with its principal place of business in King of Prussia, Pennsylvania. ABFP Management is the General Partner of ABFP Income Fund 6, LLC. From December 2019 through March 2020, ABFP Income Fund 6, LLC raised $18,727,074 from 103 investors. ABFP Income Fund 6, LLC has never been registered with the Commission. On August 13, 2020, the District Court in the CBSG Action placed ABFP Income Fund 6, LLC in the Receivership.

13. ABFP Income Fund 6 Parallel, LLC is a Delaware Limited Liability Company formed in April 2020 and located in King of Prussia, Pennsylvania. Dean Vagnozzi owned and managed ABFP Fund 6 Parallel. ABFP Income Fund 6 Parallel, LLC was formed for the purpose of entering into exchange notes with ABFP Income Fund 6, LLC investors. ABFP Income Fund 6 Parallel, LLC has never been registered with the Commission. At present, ABFP Income Fund 6 Parallel, LLC is in the Receivership.

14. ABFP Multi-Strategy Investment Fund, LP is a Delaware limited partnership formed in 2019 with its principal place of business in King of Prussia, Pennsylvania. ABFP Management is the General Partner of ABFP Multi-Strategy Investment Fund, LP. From March 2018 through June 2019, ABFP MS Fund raised $17,786,600 from 106 investors. ABFP Multi-Strategy Investment Fund, LP has never been registered with the Commission. On September 4,

2020, the District Court in the CBSG Action placed ABFP Multi-Strategy Investment Fund, LP in the Receivership.

15. ABFP Multi-Strategy Investment Fund 2, LP is a Delaware limited partnership formed in 2019 with its principal place of business in King of Prussia, Pennsylvania. ABFP Management is the General Partner of ABFP Multi-Strategy Investment Fund 2, LP. From September 2019 through March 2020, ABFP Multi-Strategy Investment Fund 2, LP raised $11,234,500 from 84 investors. ABFP Multi-Strategy Investment Fund 2, LP has never been registered with the Commission. On September 4, 2020, the District Court in the CBSG Action placed ABFP Multi-Strategy Investment Fund 2, LP in the Receivership.

### B. Relevant Entities and Individual

16. CBSG is a Delaware company formed in October 2011. CBSG had its main office in Philadelphia, Pennsylvania through 2017, and then CBSG's sole office moved to Palm Beach Gardens, Florida. Since July 2020, CBSG has been in a Court-ordered Receivership. From no later than August 27, 2013 through present, CBSG has been using the fictitious name "Par Funding." Until July 2020, when the Court appointed a Receiver over CBSG as a result of the CBSG Action, CBSG provided short-term loans to small businesses.

17. In 2018, the Commonwealth of Pennsylvania, acting through the Department of Banking and Securities, Bureau of Securities Compliance and Examinations ("Bureau"), conducted an investigation of certain securities-related activities of CBSG. Based on the results of its investigation, the Bureau concluded that CBSG violated the Pennsylvania Securities Act of 1972, 70 P.S. § 1-301. On November 28, 2018, CBSG consented to entry of an Order by the Pennsylvania Department of Banking and Securities imposing a $499,000 administrative assessment for violations of the Pennsylvania Securities Act through the use of an unregistered agent to offer and sell CBSG promissory notes in Pennsylvania. *Pennsylvania Dep't of Banking*

*and Securities v. Complete Business Solutions Group, Inc. d/b/a Par Funding* (18-0098-SEC-CAO) (the "Pennsylvania Regulatory Action").

18. On December 27, 2018, the New Jersey Bureau of Securities issued a Cease-and-Desist Order against CBSG, based on CBSG's sale of unregistered securities in New Jersey and use of unregistered agents, in violation of the New Jersey securities laws. *In re the Matter of Complete Business Solutions Group, Inc. and Complete Business Solutions Group, Inc. d/b/a Par Funding* (the "New Jersey Regulatory Action").

19. In February 2020, the Texas State Securities Board issued an Emergency Cease and Desist Order against CBSG and others, alleging fraud and registration violations. *In the Matter of Senior Asset Protection, Inc. dba Encore Financial Solutions, Merchant Growth & Income Funding, LLC, ABetterFinancialPlan.com, LLC aka ABetterFinancialPlan, Complete Business Solutions Group, Inc. dba Par Funding, Gary Neal Beasley and Perry Abbonizio* (ENF-CDO-20-1798) (the "Texas Regulatory Action"). The Texas Regulatory Action alleges that CBSG engaged in fraud based on its failure to disclose to investors the Pennsylvania and New Jersey Regulatory Actions against CBSG and court actions filed against CBSG based on its lending practices.

20. ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan ("ABFP") is a Pennsylvania limited liability company formed in November 2010 and is located in Collegeville, Pennsylvania. Dean J. Vagnozzi formed ABFP was its sole owner and manager. ABFP was an investment firm that offered alternative investments involving assets unrelated to the stock market. ABFP has never been registered with the Commission. ABFP was a respondent in the Texas Regulatory Action. On July 14, 2020, the Commission instituted settled administrative proceedings with ABFP and Dean Vagnozzi for their violations of Section 5 of the Securities Act and Section 15(a) of the Exchange Act in connection with the sale of securities unrelated to the current recommendation. *In the Matter of ABetterFinancialPlan.com LLC d/b/a A Better*

*Financial Plan and Dean J. Vagnozzi*, Securities Act Release No.10802 (July 14, 2020).  The Commission charged ABFP in the CBSG Action with violations of the securities registration and antifraud provisions of the federal securities laws, and ABFP is currently in the Receivership related to the CBSG Action.

21.     Dean J. Vagnozzi, age 59, resides in Collegeville, Pennsylvania, and was the sole owner of ABFP.  Dean Vagnozzi was also the sole owner of ABFP Management, which provides management services for companies formed for the purpose of raising investor funds for CBSG.  Dean Vagnozzi held Series 6 and 63 licenses that have expired and was associated with a Commission-registered broker-dealer from February 2008 to February 2009.  On May 30, 2019, Dean Vagnozzi d/b/a ABFP entered into a settlement with the Pennsylvania Department of Banking and Securities in connection with the sale of notes offered and sold by CBSG, in which he agreed to pay a penalty of $490,000 for violations of the Pennsylvania Securities Act of 1972.  As noted above, in July 2020, Dean Vagnozzi settled to violations of Section 5 of the Securities Act and Section 15(a) of the Exchange Act in connection with the sale of securities unrelated to the current recommendation.  Dean Vagnozzi consented to a 12-month associational suspension, among other relief.  In the CBSG Action, the Commission charged Dean Vagnozzi with violations of the securities registration and antifraud provisions of the federal securities laws.  On February 16, 2022, the Commission accepted Dean Vagnozzi's offer to settle the litigation by consenting to the entry of a final judgment that orders him to pay disgorgement of $4,531,248, prejudgment interest in the amount of $160,783, and a civil penalty of $400,000, with these amounts satisfied by his turnover of assets to the Court-appointed Receiver.

### III.  JURISDICTION AND VENUE

22.     The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)];

and Sections 21(d), 21(e), and Section 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].  This Court has personal jurisdiction over the Defendants, and venue is proper in the Southern District of Florida, because the Defendants engaged in acts and transactions in the Southern District of Florida that constitute violations of the Securities Act and the Exchange Act.  CBSG's sole office was located in the Southern District of Florida and it is registered to do business in Florida.  The Defendants raised investor funds for the purchase of CBSG notes in the unregistered CBSG securities offering.  The Defendants funneled investor money to CBSG, which had bank accounts at financial institutions located in the Southern District of Florida.

23.     In connection with the conduct alleged in this Complaint, the Defendants, directly and indirectly, singly or in concert with others, have made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce, and the mails.

## IV.  THE DEFENDANTS' VIOLATIVE CONDUCT

### A. CBSG

24.     From no later than August 1, 2012, until July 2020, CBSG was in the business of funding short-term loans to small-sized businesses, which CBSG refers to as "merchant cash advances" ("Loans" or "MCAs").

25.     During that same time period, CBSG offered and sold securities in the form of promissory notes.

26.     From no later than August 1, 2012, until July 7, 2020, CBSG raised in excess of $500 million from investors located nationwide through the offer and sale of promissory notes.

27.     To solicit and raise money from investors, CBSG utilized a network of individuals and investment funds located nationwide.

28. Throughout the duration of its offering, CBSG engaged in general solicitation of investors.

29. After the 2018 Pennsylvania Regulatory Action against CBSG, CBSG changed to what it called a "fund model," through which it raised investor money indirectly through more than 35 "Agent Funds" nationwide, including the Defendants.

30. In other words, in order to keep raising money in the face of the Pennsylvania inquiry, CBSG's unregistered offering evolved into Agent Funds issuing their own promissory notes to investors and then pooling the money and periodically funneling the monies raised to CBSG in exchange for promissory notes between CBSG and the respective Agent Fund.

31. The Agent Funds, which included the Defendants, distributed offering materials to potential investors that stated that the Agent Fund was raising money to invest in "an MCA company," This MCA company was CBSG.

32. While the Agent Funds offered investors promissory notes in the Agent Funds, investors were told that profits would be generated by CBSG's loan business in which the Agent Funds invest.

33. In approximately April 2020, CBSG and the Agent Funds, including the Defendants, presented their investors with the option to either restructure their promissory notes into new notes that promised 4% annual returns and return of principal in seven years (instead of the initial notes that promised between 8-15% with return of principal in one year) or face non-payment on the existing notes.

34. No registration statement was filed with the Commission or was in effect at the time of the CBSG offering and no exemptions from registration were applicable to the CBSG offering.

### B. The Defendants Raise Money
### In Furtherance of CBSG's Unregistered Securities Offering

35. In 2019, agent funds, including the Defendants, were formed for the purpose of raising investor funds for CBSG through the offer and sale of promissory notes, and then funneling the investor funds to CBSG in exchange for CBSG promissory notes issued to Defendants and other agent funds.

36. From no later than 2019 until at least March 2020, Defendants ABFP Income Fund 3, LLC, ABFP Income Fund 4, LLC, ABFP Income Fund 6, LLC, ABFP Multi-Strategy Investment Fund, LP, and ABFP Multi-Strategy Investment Fund 2, LP issued, offered, and sold promissory notes, which were securities, to raise money for the purchase of CBSG notes in the unregistered CBSG offering. During that same time period, the Defendants collectively raised at least $99 million from over 570 investors.

37. At various points between no later than 2019 and until April 2020, the ABFP Funds solicited investors through telephone calls, emails, and/or in-person meetings so that the ABFP Funds could continue raising money to funnel to CBSG for the purchase of CBSG notes in CBSG's unregistered offering.

38. From 2019 until at least March 2020, the ABFP Funds funneled to CBSG investor funds raised through Defendants' promissory notes. In exchange for the more than $99 million of investor funds, CBSG issued promissory notes to Defendants that provided for interest rate up to 24% to be paid through a "monthly distribution payment."

39. CBSG compensated the ABFP Funds for raising investor money in the CBSG unregistered offering by paying the ABFP Funds a higher percentage of interest in the CBSG Notes issued to the ABFP Funds than the interest the ABFP Funds were paying to investors under the ABFP notes.

40. Specifically, the ABFP Funds' promissory notes provided returns to investors as high as 15% over a 12-month period, depending on the amounts invested and the rate negotiated by the ABFP Funds.

41. The ABFP Funds funneled that investor money to CBSG in exchange for CBSG notes issued to the ABFP Funds that paid various interest rates over a 12-month period.

42. The difference between what the CBSG notes and ABFP Funds' notes offered was the ABFP Funds' compensation for soliciting investors for the purpose of purchasing CBSG notes in the unregistered CBSG offering.

43. In April 2020, Dean Vagnozzi created ABFP Income Fund Parallel, LLC, ABFP Income Fund 3 Parallel, LLC, ABFP Income Fund 4 Parallel, LLC, and ABFP Income Fund 6 Parallel, LLC.

44. In March and April 2020, in an attempt to restructure existing investor note with ABFP Fund investors, the ABFP Parallel Funds continued to solicit investors through telephone calls, emails, and/or in-person meetings.

45. The ABFP Parallel Funds presented the ABFP Fund investors with the option of either restructuring their ABFP Fund promissory notes into new notes that promised 4% annual returns and return of principal in seven years or litigating to recover their investment.

## COUNT I

### Sale of Unregistered Securities in Violation of
### Sections 5(a) and 5(c) of the Securities Act

46. The Commission repeats and realleges paragraphs 1 through 45 of this Complaint as if fully set forth herein.

48. No registration statement was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities issued and the transactions conducted by the

Defendants as described in this Complaint and no exemption from registration existed with respect to these securities and transactions.

49. Defendants, at various points beginning no later than 2019 and continuing through April 2020, directly or indirectly:

(a) made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell securities as described herein, through the use or medium of a prospectus or otherwise;

(b) carried securities or caused such securities, as described herein, to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

(c) made use of means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of a prospectus or otherwise, as described herein, without a registration statement having been filed or being in effect with the Commission as to such securities.

50. By reason of the foregoing, the Defendants violated and, unless enjoined, are reasonably likely to continue to violate, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests that the Court find that Defendants committed the violations alleged and:

### I.

### Permanent Injunction

Issue permanent injunctions, enjoining ABFP Income Fund 3, LLC, ABFP Income Fund 4, LLC, ABFP Income Fund 6, LLC, ABFP Multi-Strategy Investment Fund, LP, ABFP Multi-

Strategy Investment Fund 2, LP, ABFP Income Fund Parallel, LLC, ABFP Income Fund 3 Parallel, LLC, ABFP Income Fund 4 Parallel, LLC, ABFP Income Fund 6 Parallel, LLC, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

## II.

### Disgorgement

Issue an Order directing Defendants to disgorge all ill-gotten gains received within the applicable statute of limitations, including prejudgment interest, resulting from the acts and/or courses of conduct alleged in this Complaint.

## III.

### Further Relief

Grant such other and further relief as may be necessary and appropriate.

## V.

### Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

September 29, 2023                              Respectfully submitted,

                                    By:     s/Amie Riggle Berlin
                                            Amie Riggle Berlin, Esq.
                                            Senior Trial Counsel

Florida Bar No. 630020
Direct Dial: (305) 982-6322
Direct email: berlina@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida  33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154